# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Anthony O. Longstreet, Sr., <br><br> Plaintiff <br> v. <br><br> Clark County, et. al., <br><br> Defendants | Case No. 2:21-cv-02227-JAD-BNW <br><br> **Order Dismissing** <br> **and Closing Case** |

    Plaintiff Anthony Longstreet brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered during his criminal prosecution and appeal in Nevada state court. On April 28, 2022, this court dismissed plaintiff's claims with leave to amend by May 26, 2022.[1] The court warned the plaintiff that this case would be dismissed and closed if he failed to file an amended complaint by that deadline.[2] Because plaintiff later filed notice that he had moved, the court sua sponte extended the deadline to August 12, 2022.[3] Plaintiff neither filed an amended complaint by that deadline nor moved for an extension of time to do so.

    The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[4] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to

---

[1] ECF No. 6.

[2] *Id*. at 4.

[3] ECF No 14.

[4] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merit, and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[7] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[8] Because this action cannot proceed until and unless plaintiff files an amended complaint, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders finite resources along the away. The circumstances here do not indicate that this case will be an exception: the court already sua sponte extended the deadline by several

---

[5] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[8] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

months but to no avail.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** for failure to file an amended complaint by the court-ordered deadline, leaving no claims pending.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other documents may be filed in this now-closed case.**

Dated: August 22, 2022

_____
U.S. District Judge Jennifer A. Dorsey